1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONSTANCE CHANDLER                        No. C 07-2141 CRB
     on behalf of D.C., minor child,
                                        **MEMORANDUM AND ORDER**
         Plaintiff,

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.
_____/

     Plaintiff Constance Chandler ("Chandler") filed an application for supplemental security income ("SSI") payments under Title XVI of the Social Security Act ("the Act") on behalf of her minor child, D.C. ("minor claimant"). Her application was initially denied by the Social Security Administration ("SSA") and on reconsideration. She then timely filed a request for a hearing before an administrative law judge ("ALJ").

     Chandler and the minor claimant appeared, represented by counsel, and testified at the hearing on March 27, 2006. Following the hearing, the ALJ issued a written decision dated July 5, 2006, denying Chandler's application. The ALJ found that the minor claimant was not disabled within the meaning of the Act and regulations. Chandler timely filed a request for review, but the Appeals Council denied review.

**United States District Court**
For the Northern District of California

Chandler now seeks judicial review in this Court under 42 U.S.C. § 405(g).  For the reasons set forth below, the Court DENIES Chandler's motion for summary judgment and GRANTS defendant's cross-motion for summary judgment.

## I. FACTUAL BACKGROUND

### A.    Minor Claimant's Age and Education

The minor claimant was born on August 10, 1991, and on the date of the hearing he was a 15-year-old high school freshman at Deer Valley High School in the Antioch Unified School District.  (TR 75, 194).  At the time, he was enrolled in special education classes for science, English and mathematics.  (TR 194).  Chandler testified that her son has been enrolled in special education classes since he was in first grade.  (TR 237).  He has no past work experience, nor has he engaged in any substantial gainful activity since the filing of his SSI application.  (TR 20).

### B.    Minor Claimant's Disability Claim

Chandler alleges that the minor claimant's impairment is the specific learning disability of an auditory processing disorder.  (TR 145).  She alleges that he has been affected with the disorder since late 1999, when he was eight-years-old.  (TR 96).  A medical expert testified that the minor claimant's impairment causes him to have difficulty processing and retaining auditory information.  (TR 242).  For example, Chandler claims the minor claimant has trouble following basic instructions, and that she has to repeat herself or show him step-by-step how to complete minor tasks that require more than one step, such as unpacking groceries and placing them in the refrigerator.  (TR 224).

The minor claimant's treating physician indicated that the minor claimant also has a hearing problem in his left ear, and that he has impaired distance vision.  (TR 230, 233).  The minor claimant was assessed at having an IQ of 84.  Although the minor claimant is in special education classes at school for a learning disability and speech problems, he has never been to therapy with a mental health professional and there is no history of psychiatric hospitalizations.  (TR 147).  At the time of his hearing before the ALJ he was not on any medications.  (TR 147).

**United States District Court**
For the Northern District of California

C.      **Plaintiff's Hearing Testimony**

At the administrative hearing Chandler testified that the minor claimant is the third oldest of her seven children.  (TR 219).  Although she is aware that children sometimes purposefully ignore their parents, she believes the minor claimant frequently does not listen to her because he has trouble comprehending what she is saying.  (TR 223).  She frequently has to repeat herself or ask one of his siblings to supervise the minor claimant while he attempts to complete a minor task.  (TR 224).  For example, if she asks the minor claimant to take out the garbage and place the cans by the curb, she usually asks one of his siblings to go with him to make sure the task is done correctly.  (TR 224).  In addition, he has severe difficulty understanding how to complete tasks that require more than one step.  (TR 224).  In those instances, she must repeat herself multiple times, or instruct him to complete each task one segment at a time.  (TR 224).  Despite the difficulty with which he completes chores around the house, the minor claimant is able to maintain concentration for long periods of time while playing video games with his siblings.  (TR 228).  He is able to, and does indeed, sometimes play such games all day on Saturdays and Sundays, the only days she typically allows him to play.  (TR 228).

Chandler believes the minor claimant reads at a third or fourth grade level, and that he understands words like "health," "mad," and "love," but that he does not understand longer words like "mathematics."  (TR 235).  She would place the minor claimant's mental capacity somewhere between that of her five-year-old twins and her eleven-year-old son.  (TR 235).

D.      **Minor Claimant's Hearing Testimony**

The minor claimant understands that he is in special education classes at school because he has a hard time reading and spelling, and with "all kinds of school work."  (TR 200-201).  It takes him about one hour to walk to school when he does not get a ride with his brother's girlfriend.  (TR 199).

The minor claimant enjoys playing video games and he believes he is good at them.  (TR 203).  When he plays against an opponent, he almost always beats him or her.  (TR 203).  However, he does not always understand all of the text that appears at the bottom of the

3

United States District Court
For the Northern District of California

screen, but he understands some of it.  (TR 214).  He only sometimes understands movies that he watches, and science movies in particular confuse him.  (TR 203).  Others have trouble understanding him at times, and he attributes this to his habit of speaking too quickly.  (TR 206).

He took six classes last year.  (TR 207).  Of those classes, three were special education classes: math, English and basic science.  (TR 207).  The remaining three classes were not special education classes: health careers, cartoon and physical education.  (TR 207).  He was supposed to receive an "F" in health careers because he was unable to complete a required portfolio assignment, but instead received a "D" because of his good behavior.  (TR 207).  He received a "D" and an "F" in physical education because he refused to get dressed for the class.  (TR 208).  He does not always complete his English homework because he does not understand what is required of him.  (TR 211).  He does not receive any homework in his math class.  (TR 213).

He plays on his school football team in the wide receiver and free safety positions.  (TR 206).  He does not have any problems seeing or catching the ball.  (TR 206).  He has two favorite professional football teams, and he understands and keeps track of their standings in the league.  (TR 217).

### E.    Medical Evidence

As part of his enrollment in special education classes at his high school, the minor claimant is provided with a number of accommodations.  In his most recent annual Individualized Education Program ("IEP") assessment, dated December 16, 2005, the minor claimant was provided with the following accommodations:  additional time to complete tests and assignments, the ability to take tests and quizzes for his non-special education classes in a special education-designated room, receive special assistance as needed from special education teachers to complete requirements for his non-special education classes, reduced or shortened written assignments, the ability to use dictionaries, word lists and spell check to assist with spelling, the ability to sit near the front of the room in class, and the ability to receive a passing grade of "C" in any course that he attends 90 percent of the time, and in

4

which he completes 80 percent of his assignments.  (TR 127).

In the minor claimant's most recent psycho-educational report, dated June 1, 2005, which lists the results of a series of cognitive and achievement tests he was given, he performed below-average in his "verbal cluster" test, low in his "non-verbal reasoning" cluster, and average in his "spatial cluster."  (TR 120).  On June 4, 2004, when the minor claimant was 12-years-old, he was examined by a speech and language pathologist.  (TR 150-152).  On the oral and written language scales, his listening comprehension score was in the fourth percentile, with the age equivalence of a seven-year-old.  (TR 151).  His expressive language score also ranked within the fourth percentile, again with the age equivalence of a seven-year-old.  (TR 151).

### 1.    Medical Expert's Hearing Testimony

Dr. Moses Grossman ("medical expert"), a pediatrician licensed to practice in the state of California, examined the minor claimant's record, but he had no prior contact with Chandler or the minor claimant before the hearing.  (TR 238).  Based on the record, and from the testimony at the hearing, the medical expert testified that he believes the minor claimant suffers from a "serious learning disability."  (TR 242).  The minor claimant has "trouble with processing and retaining auditory information" and that while he is "better on visual information," there is a "problem there, too."  (TR 242).

The medical expert found some of the information in the record and the test results "rather confusing and contradictory" because he would not "have guessed that his IQ is 84;" rather, it would have been lower.  However, the tests were done accurately, and by qualified people.  (TR 243).  The minor claimant's school record is consistent with the testimony received at the hearing.  (TR 244-245).

In the medical expert's opinion, the minor claimant does not meet or medically equal the SSA's definition of mental retardation.  (TR 246).  However, the minor claimant is "marked" in at least one of the six domains for assessing functional equivalence to a listed impairment.  (TR 246).  In particular, the minor claimant is "marked" in the area of "Acquiring and Using Information," despite his "relatively good IQ tests."  (TR 246).  He

United States District Court
For the Northern District of California

qualifies his finding by adding that this is "where the IQ test[] is out of line because" the minor claimant "doesn't deserve a 'marked' if his IQ is truly 84." (TR 246). Despite this contradiction, he would still assess the minor claimant as being "marked" in this area. (TR 246).

The medical expert would also assess the minor claimant as being "somewhere in between" "marked" and "less than marked" in the domain of "Attending and Completing Tasks." (TR 247). This domain is related to the perceived difficulty the minor claimant has in following instructions that require more than one step. (TR 247). This domain also addresses the minor claimant's refusal to do much homework, and with the fact that the minor claimant will only complete the first of a multi-step instruction, and then "waits or doesn't do anymore." (TR 247).

The minor claimant is not "marked" in any other areas. In the domains of "Interacting and Relating with Others," "Moving about and Manipulating Objects," "Self-Care" and "Health and Physical well-being," the minor claimant "had no problems" and was "less than marked." (TR 248).

## II. STANDARD OF REVIEW

This Court's jurisdiction is limited to determining whether the Social Security Administration's denial of benefits is supported by substantial evidence in the administrative record. 42 U.S.C. § 405(g). A district court may overturn a decision to deny benefits only if it is not supported by substantial evidence or if the decision is based on legal error. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); Magallenes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. Determinations of credibility, resolution of conflicts in medical testimony and all other ambiguities are to be resolved by the ALJ. Id.; Magallenes, 881 F.2d at 750. The decision of the ALJ will be upheld if the evidence is "susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1040.

**III. DISCUSSION**

Under the Act, a child under the age of 18 is considered "disabled" and eligible for SSI benefits if he has a medically determinable physical or mental impairment which results in marked and severe functional limitation, and which has or can be expected to last for a continuous period of at least 12 months or results in death.  42 U.S.C. § 1382c(a)(3)(C).

**A.      The ALJ's Decision**

The ALJ must conduct a three-step sequential evaluation process to determine whether a minor claimant is disabled and thus entitled to SSI payments.  20 C.F.R. § 416.924.  First, the ALJ determines whether the child is engaged in substantial gainful activity.  20 C.F.R. § 416.924(b).  If not, the ALJ next determines whether the child's impairment or combination of impairments is "severe."  If a child's impairment(s) is so "slight" that it causes no more than minimal functional limitations, it will be determined that the child is not disabled.  20 C.F.R. § 416.924(c).  Finally, the ALJ then determines whether the minor claimant's impairment(s) meets or medically equals in severity the criteria for an impairment listed in the Listing of Impairments at 20 C.F.R Part 404, Subpart P, Appendix 1, or whether the impairment(s) is functionally equivalent in severity to a listed impairment.  If the child does not have an impairment(s) that medically meets or equals the listed impairments, or that is not functionally equal in severity to a listed impairment, he will not be considered "disabled" under the meaning of the Act, and will not be eligible for SSI benefits. 20 C.F.R. § 416.924(d).

Here, the ALJ found that the minor claimant has not engaged in substantial gainful activity during any part of the period under adjudication.  The ALJ also found that the minor claimant does indeed have medically determinable severe cognitive and communicative impairments.  He found that the impairments are "severe" within the meaning of 20 C.F.R. § 416.924(c) because they are greater than slight abnormalities that cause more than minimal functional limitations.  However, the ALJ found that the minor claimant's impairment does not meet or medically equal in severity the criteria for any listed impairment at 20 C.F.R., Part 404, Subpart P, Appendix 1.  Therefore, the ALJ adjudged the minor claimant not

disabled within the meaning of the Act.

**B.    Plaintiff's Challenge to the ALJ's Decision**

Chandler contends that the ALJ's determination that the minor claimant's impairment does not meet or medically equal in severity the criteria for any listed impairment is either not supported by substantial evidence in the record or was made applying improper legal standards.  Chandler's argument is without merit.

There are four ways in which a minor claimant can be found to have an impairment that meets or medically equals in severity a listed impairment, and only one is at issue here. Certain functional limitations in six broad domains can cause a minor claimant to be considered disabled within the Act.  20 C.F.R. § 416.926a(b)(1).  In order to meet this requirement, a minor claimant's impairment must result in an "extreme" limitation in at least one domain, or result in a "marked" limitation in *at least two* domains. 20 C.F.R. § 416.926a(d).  The domains evaluated in this category are: (1) Acquiring and using information; (2) Attending and completing tasks; (3) Interacting and relating with others; (4) Moving about and manipulating objects; (5) Self-care; (6) Health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

A limitation is considered "marked" in a particular domain if: (1) the impairment interferes seriously with the child's ability to independently initiate, sustain, or complete activities; (2) the impairment is "more than moderate" but "less than extreme;" (3) in the use of standardized tests as the measure of functional abilities, the minor claimant must have a valid score that is at least two, but less than three, standard deviations or more below the mean; or (4) in the health domain, the child has frequent illness due to the impairment or frequent exacerbations of the impairment that result in significant documented symptoms or signs (that is, occurring on average of three times a year and lasting longer than two weeks each time or the equivalent).  20 C.F.R. § 416.926a(e)(2).

Here, the ALJ agreed with the medical expert that the minor is "marked" in only one domain of functioning, and therefore the minor claimant is not disabled under the Act. Chandler challenges this finding, claiming that it is not supported by substantial evidence and

8

is based on legal error. In particular, Chandler notes that in the domain of "Attending and completing tasks," the medical expert testified that the minor claimant is between marked and less than marked, but the only reason he found the claimant is "less than marked" is because the medical expert believes the category in which he found the claimant is marked–Acquiring and using information–in this case measures the same limitation as "Attending and completing tasks." In other words, the claimant suffers from the same problem with respect to both domains. (TR 254). The medical expert then testified that he would leave it to the ALJ to determine whether the claimant should be considered "marked" in both domains when it is based on the same problem. (<u>Id.</u>) Thus, argues Chandler, the ALJ's finding that the minor claimant is not marked in the "Attending and completing tasks" domain is not supported by substantial evidence.

The Court disagrees. While the record includes evidence that the minor claimant has trouble completing multi-step instructions, such as taking out the groceries and then placing them in the refrigerator, there is other evidence that demonstrates he is capable of performing multi-step tasks. The ALJ specifically noted that the claimant plays on a football team "which is a sophisticated sort of project that involves lots of rules and lots of obligations and you have to do this and don't do that and run in this direction and not that direction and turn around and catch the ball at a certain time. And all this is a complicated project to learn how to be a decent football player and he's capable of doing that." (TR 260). The minor claimant and his mother also both testified that the minor claimant can concentrate on video games for extended periods of time, and that he also frequently beats opponents. These examples support the ALJ's determination that the minor claimant's impairment does not "interfere[] severely" with his "ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). <u>See</u> <u>Andrews</u>, 53 F.3d at 1040 (the ALJ's decision must be upheld if it is susceptible to more than one rational interpretation).

The ALJ did not apply improper legal standards in making his determination. Plaintiff argues that the ALJ mistakenly failed to address the medical expert's question as to whether he could give a "marked" limitation for both domains of "Acquiring and using information"

9

and "Attending and completing tasks" in light of his belief that the two domains address many of the same limitations. (TR 254). Chandler contends that it was legal error for the ALJ to rely on the medical expert's opinion when it appears the expert was unclear about the difference between the two domains. However, the medical expert merely testified that it is difficult to fit learning disabilities into the six domains provided under the SSA. (TR 259).

Accordingly, the ALJ did not err in finding that the minor claimant was not disabled within the meaning of the Act.

## IV. CONCLUSION

For the foregoing reasons, the ruling of the Commission is AFFIRMED.

**IT IS SO ORDERED.**

Dated: December 12, 2007

_____

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California